IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| SANFORD BAKER, #199 408, | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-256-WHA |
| | | (WO) |
| JANET HICKS, *et al.*, | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Sanford Baker ["Baker"], is an inmate in the custody of the Alabama Department of Corrections.  He filed this 42 U.S.C. § 1983 action on March 23, 2007 complaining that Defendants improperly issued him a behavior citation.   The complaint is filed against Horace Burton, Janet Hicks, John Cummins, and Debra Martin.   Plaintiff seeks expungement of the behavior citation from his prison file.

Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate  in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

_____

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  FACTS

Baker is incarcerated at the Frank Lee Youth Center. He is a bread baker for the institution and has held this position for the past 13 months. Because of his job in the kitchen, Baker states that the Chief Steward authorized him to shower after 2:00 p.m. instead of later as generally required for inmates. On November 30, 2006, while taking a shower at an unspecified time but presumably between the hours of 2:00 and 4:00 p.m., Baker received a behavior citation on the ground that he should not have been in the shower until after 4:00 p.m.  Baker complains that although there were 7 to10 other inmates in the shower at the same time he was, only he received a write-up.  (Doc. No. 1 at pgs. 2-3.)

## II.  DISCUSSION

### A.  The Disciplinary Claim

Baker complains that Defendants improperly charged him with a behavior citation inasmuch as he had permission to take a shower before 4:00 p.m.   This assertion, construed as an allegation that Defendants denied Baker due process in regard to his misconduct charge, does not state a violation of his constitutional rights.

The Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995).  In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486.  Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise

violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976), quoted in *Sandin,* 515 U.S. at 480.

Here, Baker does not allege much less indicate that issuance of the behavior citation as a result of the alleged misconduct in question subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* , 515 U.S. at 484, 115. Because Baker has not alleged deprivation of a protected liberty interest, his complaint in relation thereto fail to state a due process claim based on the alleged false behavior citation. *See id.* at 487; *Griffin v. Vaughn,* 112 F.3d 703, 706 (3rd Cir. 1997).

Based on the foregoing, the court concludes that Baker's due process claim does not rise to the level of a constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action. It is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 489 U.S. 319 (1989).

**B. The Equal Protection Claim**

Baker states that there were several inmates taking a shower at the same time he was but complains that he was the only one who received a write-up. The court understands Baker to complain that Defendants' conduct in this regard subjected him to actionable unequal treatment.

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable

3

under the Equal Protection Clause, a plaintiff must, at the very least, allege that she is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Baker's allegation that only he received a behavior citation when other inmates engaged in the same activity as he was

did not, does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation. This claim is, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **May 23, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of May, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

6